# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JULY SESSION, 1996

FILED

April 3, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9512-CC-00436** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **RUTHERFORD COUNTY** |
| **VS.** | ) | |
| | ) | **HON. J.S. DANIEL** |
| **ELBERT MURFREE MARABLE,** | ) | **JUDGE** |
| **SR.,** | ) | |
| Appellant. | ) | **(Direct Appeal-Sentencing)** |


FOR THE APPELLANT:

GUY R. DOTSON
102 South Maple Street
Murfreesboro, TN  37130


FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General and Reporter

JANIS L. TURNER
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243

BILL WHITESELL
District Attorney General
Third Floor Judicial Building
Murfreesboro, TN 37130


OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

Appellant Elbert Murfree Marable, Sr. entered a plea of guilty in the Rutherford County Circuit Court to possession of a Schedule II controlled substance with intent to sell or deliver. As a Range I standard offender, Appellant received a sentence of six years in the county workhouse. The trial judge ordered that Appellant serve one year of incarceration before re-applying for probation. In this direct appeal, Appellant complains that he should have received full probation from the outset.

After a review of the record, we affirm the judgment of the trial court.

## I. FACTUAL BACKGROUND

The proof shows that, on November 18, 1994, officers of the Murfreesboro Police Department executed a search warrant on 539 East Sevier Street, a residence operated by Appellant as a "good time" house. The police recovered three grams of cocaine from behind a bathtub and found a large quantity of beer, liquor, and soda in a refrigerator with a master lock. Appellant stated that he sold the beer for $1.50 each.

On May 1, 1995, a Rutherford County Grand Jury indicted Appellant for possession of over 0.5 grams of a Schedule II controlled substance with intent to sell or deliver in violation of Tennessee Code Annotated Section 39-17-417. He was also indicted for storage of intoxicating liquors for the purpose of resale, a violation of Tennessee Code Annotated Section 39-17-713. On June

9, 1995, Appellant pled guilty to the reduced charge of possession of less than 0.5 grams of a Schedule II controlled substance with intent to sell or deliver. The second count of the indictment was dismissed. As part of the plea agreement, Appellant received a six-year sentence in the county workhouse. As stated previously, the trial court denied Appellant's petition for a fully suspended sentence and ordered one year of incarceration.

## II. SENTENCING

When an appeal challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determination of the trial court was correct. Tenn. Code Ann. § 40-35-401(d) (1990). However, this presumption of correctness is "conditioned upon the affirmative showing that the trial court in the record considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to demonstrate such consideration, review of the sentence is purely de novo. Id. If appellate review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this Court must affirm the sentence, "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In conducting a review, this Court must consider the evidence, the presentence report, the sentencing principles, the arguments of counsel, the nature and character of the offense, mitigating and enhancement factors, any statements made by the defendant, and the potential for rehabilitation or treatment. State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993). The defendant bears

the burden of showing the impropriety of the sentence imposed.  State v. Gregory, 862 S.W.2d 574, 578 (Tenn. Crim. App. 1993).

We note initially that the trial judge did not address on the record Appellant's entitlement to the presumption favoring a non-incarcerative sentence.  See, Tenn. Code Ann. Sec. 40-35-102(6).  For this reason, our review of Appellant's sentence will be purely de novo.

## A. MANNER OF SERVICE

Appellant first argues that the trial court erred in denying his petition for a suspended sentence.  The Tennessee Criminal Sentencing Reform Act of 1989 recognizes the limited capacity of state prisons and mandates that "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts of rehabilitation shall be given first priority regarding sentencing involving incarceration." Tenn. Code Ann. § 40-35-102(5).  A defendant who does not qualify as such and who is an especially mitigated or standard offender of a Class C, D, or E felony is "presumed to be a favorable candidate for sentencing options in the absence of evidence to the contrary." Id. § 40-35-102(6).  A sentencing court may then only deny alternative sentencing when presented with sufficient evidence to overcome the presumption.  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  A denial of alternative sentencing in the face of the statutory presumption should be based on the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1).

As a Range I standard offender convicted of a Class C felony, Appellant is entitled to the statutorily-mandated presumption of alternative sentencing. While failing to make specific reference to this presumption during the suspended sentence hearing, the trial court did point out that its decision to deny Appellant's petition was based upon his prior record and the fact that this offense occurred during a probationary period. As stated previously, when measures less restrictive than confinement have been recently applied without success, a sentencing court may order incarceration in the face of an alternative sentence presumption. See id. (C). Here, we believe that, because Appellant committed this cocaine possession offense while on probation from another cocaine possession offense, a sentence involving confinement is warranted. See, e.g., State v. Bowman, No. 01C01-9412-CC-00436, 1995 WL 594718, at *4 (Tenn. Crim. App. Oct. 6, 1995), perm. app. denied, (Tenn. Mar. 4, 1996). In light of Appellant's failure to respond to

probation in the past, a punishment less restrictive than confinement would only serve to give him the opportunity to continue his pattern of unlawful behavior. See State v. Windham, No. 03C01-9503-CR-00103, 1996 WL 134955, at *2 (Tenn. Crim. App. Mar. 27, 1996).

## B. REAPPLICATION FOR PROBATION

Appellant also argues that the trial court erred in ordering that he serve one year of his sentence before re-applying for probation. Appellant maintains that the trial court ordered a sentence of split confinement, a one year sentence of confinement followed by a period of probation, and that, under Tennessee Code Annotated Section 40-35-306(c), he should have the opportunity to re-apply for a suspended sentence every two months. We disagree. The record clearly reflects that the trial court rejected any form of alternative sentence and, pursuant to the plea agreement, sentenced Appellant to a six-year period of confinement in the county workhouse.[1] The trial court in no way assured Appellant that the balance of his sentence would be suspended following successful completion of his first year of incarceration -- only that he was required to serve one year before he would again have the opportunity to apply for probation.[2] Because Appellant was ordered to serve his sentence in the county workhouse, the trial court retained full jurisdiction over the manner of service of his sentence. See Tenn. Code Ann. § 40-35-212(c). Given this statutory provision, we believe that the trial court was within

---

[1] While the judgment form indicates that Appellant is to serve his sentence in the Tennessee Department of Correction, the transcript of the suspended sentence hearing as well as the plea agreement show that Appellant is to serve his sentence in the county workhouse.

[2] Section 40-35-306(c) applies only to sentences involving split confinement. Because Appellant did not receive a sentence involving split confinement, Section 40-35-306(c) is inapplicable, and Appellant's claim is without merit.

its discretion in requiring Appellant to serve one year of his sentence before re-applying for probation.  See, e.g., State v. Steward, No. 02C01-9307-CC-00161, 1995 WL 276003, at *1 n.1 (Tenn. Crim. App. May 10, 1995), perm. app. denied, (Tenn. Oct. 14, 1996).

Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
DAVID H. WELLES, JUDGE

_____
WILLIAM M. BARKER, JUDGE